## DAVIS v. VIDAL.

(Court of Civil Appeals of Texas. Jan. 11, 1911. Rehearing Denied Feb. 8, 1911.)

1. LANDLORD AND TENANT (§ 79*)—SUBLESSEE.

Where plaintiff was not a party to a lease made to defendant by plaintiff's lessee, and neither lease provided for payment of rent by defendant to plaintiff, defendant was a sublessee and not an assignee of the original lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 244–253; Dec. Dig. § 79.*]

2. LANDLORD AND TENANT (§ 209*) — RENT — PERSONS ENTITLED.

Since there is no privity of estate or contract between an original lessor and a sublessee, and such privity is not created by the surrender of the premises to the sublessee, the original lessor cannot sue for rent from the sublessee under the latter's contract with the original lessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 833; Dec. Dig. § 209.*]

3. LANDLORD AND TENANT (§ 80*)—SUBLETTING—ILLEGAL PURPOSE.

Where a lease authorized the lessee to sublet without the lessor's consent, that the lessee sublet the premises for an illegal purpose, did not prevent the lessor from recovering rent under the original lease unless he participated in the sublease or sanctioned it with knowledge of its illegal character.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 80.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Antoinette W. Davis against Lewis Vidal. From a judgment for defendant, plaintiff appeals. Affirmed.

A. H. Goldstein and John L. Dyer, for appellant. Beall, Kemp & Ward, for appellee.

NEILL, J. Antoinette W. Davis sued Lewis Vidal for $1,200. In her first amended original petition she alleged, in substance: That on April 26, 1907, she leased the Dallas Brewery a certain lot in the city of El Paso, upon which was situated a one-story building, for a term of three years, ending on April 30, 1910, in consideration of which the brewery promised and agreed to pay her during said term $100 on the 1st day of each month. That the lease expressly provided that the brewery could sublet said premises, or any part thereof, without plaintiff's consent. That, after the execution of the lease, said lessee did, on or about October 1, 1907, enter into an agreement with Lewis Vidal whereby it sublet, assigned, and transferred said lease to him, in consideration of which he agreed to pay the rents stipulated in the original lease to the brewery on the 1st of each month, beginning on November 1, 1907. That by reason of the agreement between the Dallas Brewery and the defendant Vidal the latter became bound and assumed to pay plaintiff the rents accruing on her lease to the brewery, which rents he did pay her up to and including the month of November, 1908. But that since said date the defendant, Vidal, has failed to pay plaintiff said rents stipulated in said lease, and that he is in arrears in the payments of said rents and is due plaintiff for the rents in the sum sued for, for which sum she prayed judgment. The defendant answered by a general demurrer, a general denial, and specially pleaded that the contract subletting the premises to him by the Dallas Brewery was void as against public policy, in that the brewery rented to him, with the consent of plaintiff, for the purpose of maintaining and conducting a disorderly house thereon, to wit, a house for prostitution, and a house where prostitutes were permitted to resort for the purpose of plying their vocation, and in which spirituous, vinous, and malt liquors were kept for sale for lewd and disreputable women. The case was tried without a jury, and judgment was rendered in favor of the defendant.

The evidence shows that the contract for the lease of the premises was made in writing between the plaintiff and the Dallas Brewery and was in terms, substantially, as alleged in her petition; that afterwards the Dallas Brewery sublet the premises to the defendant, Vidal, for the purpose of conducting a disorderly house thereon in open and palpable violation of the law; and that, under such sublease, he went into possession thereof and in pursuance to the purpose for which the brewery rented the same to him he maintained such a disorderly house thereon, with the knowledge of the brewery, until it so stank in the nostrils of the people that it was closed by the city authorities of El Paso.

The sublease to Vidal was made by the brewery, to which plaintiff was not a party, and contained no provision obligating him to pay the rents stipulated, either in it or the original lease to the brewery, to the plaintiff. Therefore the court did not err in holding that the lease of October, 1907, executed by the Dallas Brewery and Vidal, was not an assignment of the original lease to the latter, but was a subletting, constituting Vidal a subtenant.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

It is elementary that there is no privity of estate or contract between an original lessor and a subtenant, and that such privity is not created merely by the surrender of the original tenant, which is a matter between him and his lessor. Jones on Landlord & Tenant, § 429. There being neither privity of estate nor contract between plaintiff and the defendant, the former has no cause of action against the latter for the rents due on the premises under her contract of lease to the brewery. If she has any cause of action, it is against the Dallas Brewery on its contract with her and not against Vidal. This is sufficient, without regard to the defense that the premises were rented by defendant from the brewery for immoral purposes, though such defense would have been good against her, had she been a party to such lease. She was not, however, a party thereto. Under her lease to the brewery, it was given the right to sublet without her consent, and, if it sublet for illegal purposes, such contract would not deprive her of her right to recover her rents accruing under its contract with her, unless she participated in, or, knowing its illegality, sanctioned, such contract. In our opinion the evidence shows no such participation or knowledge on her part.

The judgment is affirmed without prejudice to plaintiff's right to pursue her remedy against the brewery on its lease contract with her.

Affirmed.