### Julius Mashnowsky, Appellee, v. Frank O'Malley, Appellant.

### Gen. No. 31,738.

1. LANDLORD AND TENANT—*admissibility of landlord's residence adjoining liquor nuisance as proof of guilty knowledge.* Knowledge of a landlord that his premises were used as a liquor nuisance, which may be sufficient to defeat his recovery of rent, is not shown by the mere fact that he lived in the adjoining premises, and evidence of such residence is, therefore, inadmissible.

2. FORMER ADJUDICATION—*decree abating liquor nuisance not res judicata of guilty knowledge by premises' owner.* A federal decree abating a liquor nuisance on premises is not *res judicata* of the landlord's guilty knowledge thereof in his action for rent against the tenant of the premises who was not his adversary in the abatement proceeding.

3. LANDLORD AND TENANT—*right to rent not affected by right to terminate tenancy for maintaining liquor nuisance.* A landlord's right to recover rent is not affected by his right under the National Prohibition Act to terminate a tenancy on the ground the premises were used for

a liquor nuisance nor does his failure to exercise the right show guilty knowledge in spite of a federal decree abating a liquor nuisance on the premises.

4. LANDLORD AND TENANT—*liability of tenant for rent of premises closed as liquor nuisance.* A landlord had the right to recover rent for premises used by a sublessee maintaining a liquor nuisance, on the lessee failing to prove the landlord's knowledge and on evidence from which the court could find the lessee had guilty knowledge of the liquor nuisance.

5. LANDLORD AND TENANT—*when closing premises as liquor nuisance not eviction by landlord.* A tenant is not released from paying rent on premises, closed as a liquor nuisance by federal decree, on the ground of eviction, on a showing that he had subleased without the landlord's consent to the parties maintaining the nuisance.

Appeal by defendant from the Municipal Court of Chicago; the Hon. A. W. SUMMERS, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 4, 1927.

EARL J. WALKER, for appellant.

LYONS & SHERRARD, for appellee; EDWARD J. LYONS and ARTHUR A. SHERRARD, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Plaintiff was lessor and defendant lessee of certain real estate in Chicago, under a lease executed December 10, 1925, for the period of three years from May 1, 1926, the same to be occupied for a restaurant and soft drink parlor and for no other purposes.

Defendant was also lessee of said premises under prior leases from August 1, 1921, and sublet the premises to one Lashover for a term from May 6, 1925, to April 30, 1926, and sold him the restaurant business he had previously conducted therein. He claims to have had nothing to do with the business nor to have had possession of the premises after he so sublet them. He, however, paid the monthly rent to plaintiff accruing under his leases up to June 1, 1926. The judgment

appealed from was for the rent of June and July, 1926.

By a decree of the United States District Court for this division, entered June 18, 1926, in a proceeding under the National Prohibition Act brought against the plaintiff as owner of the record title to the premises, and one Wm. J. Tynan as owner and proprietor of the business conducted on the same, it was found that the premises had been used and maintained in violation of the National Prohibition Act and were on April 16, 1926, a common and public nuisance. The decree enjoined defendants to the proceeding and those in privity with them from using them as a place where intoxicating liquors, as defined in said Act, were sold, and closed them for one year from the date of the decree.

Appellant contends that as he was not in physical possession of the premises at the time of the alleged violation of the National Prohibition Act or afterwards, but had prior to that time sold the restaurant and sublet to said Lashover, and as he was unable by reason of said abatement order to get possession of the premises on May 1, 1926, the beginning of the term of the last lease to him, plaintiff cannot enforce the covenant to pay thereunder.

This contention is also based upon alleged guilty knowledge by plaintiff of the unlawful use of the premises. While appellant argues that plaintiff must have had such knowledge from the fact that he occupied adjoining premises, the inference does not necessarily follow, either from any evidence produced or offered. There was no direct proof of his knowledge nor any offered proof legitimately tending to show it, consequently there was no error in rejecting such offered proof.

It is also contended that the decree is *res judicata* as to the landlord's knowledge of or participation in

such unlawful use of the premises. It was held otherwise in *Lawer v. Mitts*, 33 Wyo. 249, 238 Pac. 654, in a similar action by the landlord against his tenant where the premises had been closed by an order abating a like nuisance. It was there argued that in the absence of any finding in the proceeding exonerating the landlord from knowledge or personal responsibility for the nuisance he could not show in the action against the defendant therein that he was without knowledge thereof or any responsibility therefor. Holding that the judgment in said abatement proceeding was not *res judicata* on the question of knowledge or lack of knowledge of the landlord as to the unlawful use of the premises or responsibility therefor, the court said (citing well-known authorities), "only adversary parties are estopped or concluded by a judgment under the doctrine of *res judicata*." No issue was raised between the parties defendant in the abatement proceeding there or here referred to.

The decree was directed against the plaintiff, not as a participant in the offense, but only as the owner of the title of record. However innocent he might be, his premises were subject to the exercise of such power by the court because of the unlawful use of them. The power so given by said Act to close a place that has thus become a public nuisance "is not made dependent upon the finding of knowledge or notice, on the part of any owner of such a place, of the existence of such nuisance." (*United States v. Boynton*, 297 Fed. 261, 267; *Schlieder v. United States*, 11 F. (2d) 345; *United States v. Studio Club*, 12 F. (2d) 462.)

But, as stated, so far as the record shows plaintiff was innocent of such unlawful use of the premises. Nor, in our judgment, does the fact that under the National Prohibition Act plaintiff had the option of terminating defendant's tenancy and did not exercise it, import guilty knowledge on his part or affect his right of recovery under the lease.

While there was no express proof of knowledge by O'Malley of the unlawful use of the premises, or that he sublet them for such use, there was evidence, though denied by him, that he was repeatedly seen in the premises exercising duties connected with the business carried on there. If the court regarded such evidence as tending to show that defendant sublet the premises for an unlawful use or participated therein, then plaintiff, being innocent, would not be deprived of his right to recover from defendant rents accruing under the lease to him. (*Davis v. Vidal* [Tex. Civ. App.], 133 S. W. 1074.)

But it appears that during the period of Lashover's tenancy, Tynan, in some way undisclosed by the record, but apparently through Lashover, obtained possession or occupied and made unlawful use of the premises without plaintiff's knowledge or consent. There was no privity between plaintiff and them or either of them. Under such circumstances the responsibility for such unlawful use must be chargeable to defendant so far as it results in his inability to obtain possession of the premises under his new lease. His failure to obtain possession of the premises cannot, therefore, be deemed an eviction by plaintiff, but is attributable to his own fault in subletting without plaintiff's consent to parties for whose acts he is responsible, so far as plaintiff is concerned, and therefore he is not relieved from paying rent under his contract.

Accordingly the judgment is affirmed.

*Affirmed.*

GRIDLEY and WELLS, JJ., concur.